UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY T. JACKY,<br><br>                       Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                       Defendant. | CASE NO. C14-0837-RSM-MAT<br><br>REPORT AND RECOMMENDATION RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff Jeffrey Jacky proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be REVERSED and REMANDED for further proceedings.

/ / /

/ / /

/ / /

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 1

## FACTS AND PROCEDURAL HISTORY

Plaintiff was born on XXXX, 1965.[1]  He graduated from high school and attended community college, but did not obtain a degree.  (AR 43-44.)

Plaintiff filed applications for DIB and SSI on March 10, 2011, alleging disability beginning April 20, 2010.  (AR 18, 192-205.)  His applications were denied at the initial level and on reconsideration.  (AR 135-38, 141-44.)

On September 12, 2012, ALJ Ilene Sloan held a hearing, taking testimony from plaintiff and a vocational expert.  (AR 38-78.)  On October 18, 2012, the ALJ issued a decision finding plaintiff not disabled.  (AR 15-37.)

Plaintiff timely appealed.  The Appeals Council denied plaintiff's request for review on April 18, 2014 (AR 1-6), making the ALJ's decision the final decision of the Commissioner.  Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found plaintiff had not engaged in substantial gainful activity since April 20, 2010, the alleged onset date.  (AR 20.)  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found plaintiff's degenerative disc disease, lumbar radiculopathy, mood disorder, and alcohol

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION  RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 2

dependence to be severe impairments. (AR 20-23.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 23-25.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except he can occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs. Plaintiff should never climb ladders, ropes or scaffolds and can frequently balance. He can frequently reach overhead with the right upper extremity and should avoid concentrated exposure to hazards such as unprotected heights and moving machinery. Plaintiff should avoid concentrated exposure to vibration. He can understand, remember and carry out simple, repetitive tasks consistent with unskilled work with an SVP of 1 or 2, and he can frequently handle and finger bilaterally. (AR 25-31.) With that assessment, the ALJ found plaintiff unable to perform his past relevant work as a satellite communications antenna installer and warehouse worker. (AR 31.)

If a claimant demonstrates an inability to perform past relevant work or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a vocational expert, the ALJ found plaintiff capable of performing other jobs, such as electrical accessories assembler, inspector and hand packager, and housekeeping cleaner. (AR 32-33.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a

whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred by: (1) failing to find plaintiff's use of an assistive device was medically required, and (2) failing to find plaintiff to have any limitations in standing or walking. He asks that the ALJ's decision be reversed for further proceedings. The Commissioner argues the ALJ's decision is supported by substantial evidence and should be affirmed.

<u>Assistive Device</u>

To find a hand-held assistive device medically required, medical documentation is necessary to establish the need for such a device to aid in walking or standing and to describe the circumstances for which the device is needed. SSR 96-9p, 1996 WL 374185 *7. The ALJ found plaintiff's use of an assistive device for his back pain was not medically necessary, and did not include the use of such a device into the RFC finding. (AR 27.) In explanation, the ALJ noted:

> On April 15, 2011, the claimant presented with a cane at an initial physical therapy evaluation [AR 410]. The physical therapist prescribed bilateral forearm crutches [AR 412]. It does not appear that the cane was prescribed and an orthopedic outpatient note dated April 14, 2011, does not mention the claimant using a cane [AR 413]. On July 18, 2011, the claimant requested a walker and indicated he intended to use it for grocery shopping. He received a rollator walker [AR 452]. Presumably, this was provided to help him carry groceries. A few days prior the claimant presented at primary care requesting that the doctor complete a disabled parking form for him. He apparently suggested an electric wheelchair might be appropriate, which the doctor thought was premature. The claimant told the doctor his back pain had flared two days ago [AR 454].

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 4

>However, he saw another provider earlier that morning in the orthopedics department and was reportedly doing quite well with no complaints of pain [AR 453]. When the claimant was discharged from physical therapy on August 4, 2011 he demonstrated full range of motion of the low back [AR 443].

(AR 27.) Plaintiff argues the ALJ failed to provide substantial evidence to support her finding that plaintiff's use of an assistive device is not medically necessary. Dkt. 12 at 3-8. This Court agrees.

The ALJ acknowledges that the record shows plaintiff was prescribed and used an assistive device. (AR 27.) Nevertheless, the ALJ finds the use of an assistive device not medically necessary, citing plaintiff's inconsistent reports of pain during one office visit as well as his full range of motion during a physical therapy appointment. *Id.*

With regard to plaintiff's inconsistent reports of pain, the ALJ cites a chart note from July 14, 2011, in which plaintiff reported his back pain had flared up two days prior. (AR 591.) The ALJ found this report inconsistent with his report later that day to an orthopedic physician's assistant that he was doing quite well with no complaints of pain. (AR 27, 590.) The reference, however, was limited to plaintiff's right shoulder, not his back, which was neither discussed nor examined. (AR 589-93). These two office visits do not demonstrate the inconsistency described by the ALJ.

As further support for his finding that an assistive device was not medically necessary, the ALJ also cites plaintiff's demonstration of full range of motion in his low back on August 4, 2011 when discharged from physical therapy. (AR 27.) However, the ALJ again failed to properly summarize this record. Plaintiff underwent physical therapy for his right shoulder injury, not his back impairment. Upon his discharge, the physical therapist noted he had full range of motion and strength in his right shoulder as well as full range of motion and

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 5

centralization of symptoms in his low back. (AR 580.) The plaintiff also reported in that visit that while his shoulder was feeling better, he still wasn't able to walk very long without his crutches. (AR 579.) Further, the record does not provide a medical basis for the ALJ's conclusion that plaintiff's full range of motion in his back demonstrates that he did not need an assistive device to assist with standing and walking. This particular chart note does not constitute substantial evidence to support the ALJ's finding regarding the medical necessity of an assistive device.

Defendant argues that the ALJ properly found an assistive device not medically necessary because she properly rejected plaintiff's subjective complaints. Dkt. 13 at 5. Plaintiff does not challenge the ALJ's credibility assessment. However, the evidence supporting plaintiff's need for an assistive device is not limited to plaintiff's subjective complaints. The ALJ acknowledges that plaintiff's physical therapist prescribed bilateral forearm crutches and that his primary care physician provided him with a walker. (AR 27.) Further, the record shows that plaintiff's medical providers were aware of his use of assistive devices, none of whom found the use unnecessary, or recommended that he stop using them. (AR 391, 412, 589, 591, 629, 642.) When an ALJ seeks to discredit a medical opinion, he must explain why his own interpretations, rather than those of the doctors, are correct. *Reddick v. Chater*, 157 F.3d 715, 725 (9th cir. 1998)(*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

Defendant also argues that SSR 96-9p does not apply in this case because it relates only to sedentary work, while the ALJ limited plaintiff to light work. Dkt. 13 at 13-14. The Court finds this argument unavailing, as it logically follows that if the use of an assistive device would affect the ability to perform sedentary work, it would also affect the ability to perform light work, which requires a higher level of lifting and standing or walking. In fact, the vocational

testimony specifically testified that the use of an assistive device would erode the light as well as sedentary occupational base. (AR 66, 73.)

The ALJ failed to provide substantial evidence to support the finding that plaintiff's use of an assistive device was not medically necessary. As such, upon remand the ALJ will reevaluate plaintiff's need for a device, as well as the effect on plaintiff's RFC and his ability to perform other work existing in significant numbers in the national economy.

## CONCLUSION

For the reasons set forth above, the Court recommends this matter should be REVERSED and REMANDED for further administrative proceedings.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14)** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 30, 2015**.

DATED this 13th day of January, 2015.

Mary Alice Theiler
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION  RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 7